Because I cannot convince myself to reverse a trial court which adheres to S.Ct.R.Rep. 1(B) and follows the literal wording of a syllabus of the Supreme Court of Ohio, I reluctantly dissent. The first syllabus paragraph inYoung, supra, is unambiguously stated in the disjunctive, and thus creates two separate standards by which to determine whether a depiction of a child's nudity is a criminal act, i.e. "when such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals." (emphasis supplied.) Notwithstanding the Supreme Court's confusing use of language in the body of the opinion that seems to mix and match the two standards, see Justice Brennan's dissent in Osborne, supra, the rule of law is pronounced in the syllabus. S.Ct.R.Rep.Op. 1(B). Just as lower courts are not permitted to pronounce the syllabus to be obiter dictim, see State ex rel. Heck v. Kessler
(1995), 72 Ohio St.3d 98, 103, nor should we attempt to interpret unambiguous language in a syllabus in an effort to clarify what we believe to be an oversight or an act of imprecision.
Likewise, principles of federalism prevent the Supreme Court of the United States from modifying syllabus law pronounced by their state counterpart in Ohio. While the U.S. Supreme Court clearly is the final arbiter of the federal constitution, it is not free to interpret a state court's unambiguous pronouncement of black letter law. Shuttlesworth v. Birmingham (1965),382 U.S. 87, 91, 86 S.Ct. 211, 15 L.Ed.2d 176. Rather, it may either affirm or reverse that pronouncement according to whether the law of the case is in accordance with or contrary to its view of the constitution. See Herb v. Pitcairn (1945),324 U.S. 117, 126, 65 S.Ct. 459, 463, 89 L.Ed. 789 (noting that U.S. Supreme Court's power "is to correct wrong judgments, not to revise opinions"). In Ohio jurisprudence, the law of the case is found in the syllabus of an authored Supreme Court opinion. S.Ct.R.Rep.Op. 1(B). In Osborne, supra the United States Supreme Court reversed the defendant's conviction, but on grounds other than the Ohio Supreme Court's pronouncement of syllabus law, which it affirmed.
Thus, while I readily agree with my colleagues and the text of Young that R.C. 2907.323(A) ought to require the concept of lewdness in both standards, the syllabus clearly does not.Young creates two distinct tests, only one of which contains a lewdness component. Accordingly, I reluctantly dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents with Attached Dissenting Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.